CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 13 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 5:04CR30019-001 |
| v. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| HAASHIM PIERSON | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

Haashim Pierson has filed this motion, asking the court to grant a 180-day extension to the one-year statute of limitations for filing a motion pursuant to 28 U.S.C. § 2255. If and when Pierson files a § 2255 motion, the court may consider his circumstances and determine whether Pierson is entitled to equitable tolling of the § 2255 statute of limitations.[1] However, Pierson has yet to file a § 2255 motion.[2] Accordingly, it is hereby **ORDERED** and **ADJUDGED** that

---

[1] See U.S. v. Prescott, 221 F.3d 686, 687-89 (4th Cir. 2000) (discussing court's power to toll the one-year statute of limitation for a § 2255 motion due to "circumstances . . . external to the party's own conduct," thus making it "unconscionable to enforce the limitation period against the party") (internal quotations omitted); U.S. v. Williams, 194 F.3d 1307 (4th Cir. 1999) (unpublished) (noting that "there is no recognized authority in this Circuit allowing the district court to grant . . . an extension of time in which to file [a] § 2255 motion"); Green v. U.S., 260 F.3d 78, 82-83 (2d Cir. 2001) ("[A] district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period.").

[2] The court entered Pierson's judgment of conviction on February 7, 2005. Pierson did not appeal, so his conviction became final for § 2255 purposes on February 21, 2005, when the 10 days allotted by Fed. R. App. P. 4 to file a notice of appeal lapsed. Thus, Pierson had until February 21, 2006, to file his § 2255 motion. Pierson's motion for an extension is dated March 29, 2006, outside this one-year statute of limitations. Moreover, Pierson does not state his constitutional claims with any particularity in the motion. Therefore, the court will not construe Pierson's motion for an extension as a § 2255 motion.

Pierson's motion for an extension is **DENIED**.

**ENTER**: This 13th day of April, 2006.

_____
UNITED STATES DISTRICT JUDGE